## THE LOYAL.

(District Court, S. D. New York. August 20, 1912.)

1. SALVAGE (§ 23*)—SAVING OF CARGO—LIABILITY OF VESSEL—UNSEAWORTHINESS.

The owner of a lighter, which, after taking on a load and while still lying at the dock, sprang a leak from no obvious cause, *held* liable for salvage services to a tug, which pumped her out and kept her from sinking, saving her cargo, on the ground that she was unseaworthy.

[Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 53, 54; Dec. Dig. § 23.*]

2. SHIPPING (§ 207*)—LIMITATION OF LIABILITY—GROUNDS—PERSONAL CONTRACTS OF OWNER.

The owners of a vessel are not entitled to limit their liability for their own personal contracts, but only for contracts made by the master or other agent on the credit of the ship.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 643, 644; Dec. Dig. § 207.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. Suit by O'Brien Bros., owners of the tug O'Brien, against the lighter Loyal, the F. W. Jarvis Company, claimant, and the Apollinaris Company, Limited. Decree against the Jarvis Company.

Foley & Martin, for libelant.

Carter, Ledyard & Milburn (Edmund L. Baylies and J. M. R. Lyeth, of counsel), for owner of the lighter Loyal.

Wallace, Butler & Brown (James K. Symmers, of counsel), for owner of cargo.

HOLT, District Judge. This suit was brought by the owners of the steam lighter O'Brien against the lighter Loyal and the cargo on board of 622 cases of mineral water, belonging to the Apollinaris Company, to recover a claim for salvage. The lighter Loyal was owned by the F. W. Jarvis Company, and that company had a contract with the Apollinaris Company, Limited, to lighter in and about the harbor of New York the consignments of mineral water to be received at New York by the Apollinaris Company. On September 16, 1911, the lighter Loyal took on board 622 cases of mineral water from the steamship Kroonland, then lying at Pier 61, North River, to be taken to Driggs' Stores, foot of Clinton street, East River. The lighter stopped overnight at Pier 61, and there sprung a leak, and was in danger of sinking. The tug O'Brien, while passing, was signaled to pump the water out of the Loyal, and towed her to Fortieth street, Brooklyn, continuing pumping until the next day, when she was delivered to her owner.

[1] The original libel was brought against both the Loyal and the cargo of mineral water, but process was never served on the lighter, so that the suit was originally brought simply against the cargo. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Apollinaris Company, as owner of the cargo, appeared and brought in the F. W. Jarvis Company, as owner of the Loyal, by proceedings by petition under the fifty-ninth rule, claiming that the Loyal was unseaworthy, and that the F. W. Jarvis Company is therefore responsible for any amount due from the Apollinaris Company to the owners of the tug O'Brien for salvage. Thereupon the F. W. Jarvis Company took proceedings to limit its liability, and the Loyal was sold in said proceedings for $5. I think, on the evidence, that the Loyal was unseaworthy. She sprung a leak, from no obvious cause, while lying at a dock in the harbor. I think, if the O'Brien had not come to her rescue, she would have sunk, with the probability of damage to the cargo, and that the O'Brien is therefore entitled to recover salvage.

[2] The Apollinaris Company, the owner of the cargo, claims that, if any recovery for salvage is had, it should be had against the F. W. Jarvis Company, on the ground that the vessel was unseaworthy. I think that that claim is correct. The F. W. Jarvis Company claims that it is not liable, except for the value of the lighter, because of the proceedings to limit its liability. In my opinion, the F. W. Jarvis Company was not entitled to limit its liability in this case. The owners of a vessel are not entitled, under the Limitation of Liability Act, to limit their liability for their own personal contracts. They are only entitled to limit their liability for contracts made by the master, or other agent, on the credit of the ship. Richardson v. Harmon, 222 U. S. 106, 32 Sup. Ct. 27, 56 L. Ed. 110; Hughes' Admiralty, p. 308.

It is admitted that the value of the cargo was $3,158. I think that 10 per cent. on the value of the cargo, or $315.80, is a sufficient amount to allow for salvage services. Of this amount, one-fourth should be divided between the captain and the crew, in amounts proportionate to their rate of wages. The captain should be given another amount, equal to his share, out of the remaining three-fourths, and the balance should be awarded to the libelants as owners of the salving vessel.